IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x
RONALD KEENE                                       :   CIVIL NO.:  02-CV-3523
                                                   :
       Plaintiff,                                  :
                                                   :
   v.                                              :
                                                   :
CAMPUS TELEVIDEO, LAMONT DIGITAL                   :
SYSTEMS, INC. AND EDWARD M. LAMONT                 :
                                                   :
       Defendants.                                 :
                                                   :
---------------------------------------------------------------

### REPLY MEMORANDUM OF LAW IN
### SUPPORT OF DEFENDANTS' MOTION TO DISMISS

      The Defendants Campus TeleVideo, Lamont Digital Systems, Inc. ("Lamont Digital") and Edward M. Lamont ("Lamont"), through their attorneys and pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, submit this Reply Memorandum of Law in further support of their Motion to Dismiss.

### PLAINTIFF'S § 1981 CLAIM IS BARRED
### BY THE STATUTE OF LIMITATIONS

      In his Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Memorandum"), Keene asserts that the statute of limitations under Delaware law for the filing of claims under 42 U.S.C. § 1981 is three years.  Plaintiff's Memorandum at 11.  Keene cites <u>Delaware State College v. Ricks</u>, 449 U.S. 250, 255 n. 5 (1980) for this assertion.  Keene states that the <u>Ricks</u> case "appears to suggest" such a three-year statute of limitations.  However, in <u>Ricks</u>, the U.S. Supreme Court applied a three-year statute of limitations only

because the parties themselves had agreed to such an applicable limitations period. Id. In other words, the issue was not in dispute, so the court applied a three-year statute of limitations without an analysis of what the statute of limitations actually should have been. Id. Therefore, Ricks does not "suggest," much less support, the application of a three-year statute of limitations.

As noted in Defendants' July 22, 2002 Memorandum in Support of Motion to Dismiss ("Defendants' Memorandum"), more recent cases decided by the U.S. Supreme Court, as well as the U.S. District Courts in both Pennsylvania and Delaware, have uniformly applied a two-year statute of limitations to these claims. See Goodman v. Lukens Steel Co., et al., 482 U.S. 656, 662, 107 S.Ct. 2617 (1987); Phillips v. Heydt, 197 F.Supp.2d 207, 216 (E.D. Pa. 2002); Andrews v. Abbott Laboratories, 2002 WL 598458, *6 (D. Del. 2002). Therefore, it is clear that under either Pennsylvania or Delaware law, § 1981 claims are subject to a two-year statute of limitations. Id.

In Plaintiff's Memorandum, Keene goes on to state that his notification of termination on May 25, 2000 was "neither inevitable nor unconditional" and that therefore the limitations period did not begin to run until May 31, 2000. In support of that statement, Keene offers the following:

> On May 25, 2000, at a meeting, plaintiff was informed of a proposal to change his status. At the very least, plaintiff was given the impression that the decision was conditional. At the meeting on May 25, 2000, defendants proposed to terminate and offered plaintiff six months of benefits and two months salary to agree. No decision was made. He was advised to discuss this offer with an attorney and inform his employer of his response by May 31, 2000.

Plaintiff's Memorandum at 12-13. There is absolutely no support cited for any of the above statements. Plaintiff's complaint states simply that defendants "terminated his employment." Complaint, ¶ 11. In addition, the fact that Keene was to be terminated on May 31 was clear on May 25, 2000, even taking the unsupported statements above as true. The only question that

remained was whether Keene would be paid for two months and receive six months of benefits or not, but the decision regarding his termination was clearly communicated to Keene on May 25, 2000.

Furthermore, as noted in Defendants' Memorandum, in Keene's charge of discrimination with the EEOC he declared under oath that "[o]n May 25, 2000, (Thursday) I was told that my employment with Respondent would terminate on May 31, 2000." Defendants' Memorandum at 7-8, and Exhibit A attached thereto. Since that statement to the EEOC was made under oath, it should be taken by this Court as true, and plaintiff's termination date should be held by this Court to have been on May 25, 2000.

Keene goes on to cite "equitable considerations" for the tolling of the statute of limitations period, and states that this claim should be allowed since it was brought only a few days after the statute expired.[1] But statutes of limitations must be strictly construed. Randolph v. Verrechio, 33 Pa. D. & C. 4th 1, 6 (Pa. Com. Pl. 1996), 1996 WL 942092, *3, citing Bonfitto v. Bonfitto, 10 Pa. D. & C. 2d 598 (1956), aff'd, 391 Pa. 187, 137 A. 2d 277 (1958). Defendants should only be estopped from invoking the bar of the statute of limitations in clear cases of fraud and concealment, id., and such limitation periods can not be extended where there has been a mistake, misunderstanding, or other hardship on the part of a plaintiff. Petty v. Petratos, 11 Pa. D. & C. 3d 587, 589, 1979 WL 606 (Pa. Com. Pl. 1079), citing Walters v. Ditzler, 424 Pa. 445, 227 A.2d 833 (1967); Dixon Estate, 443 Pa. 303, 305, 279 A. 2d 39 (1971).

Here, there are no allegations that there was "fraud and concealment" on the part of the defendants, and the statute should be enforced strictly. In fact, Keene simply claims that as "a layperson" he "did not have actual notice of the filing requirement . . . ." Plaintiff's

---

[1] In his Memorandum, Keene states that "May 25th was a Saturday, . . . ." as support for the equitable nature of the tolling issue. It must be noted that May 25, 2000 was a Thursday, not a Saturday.

Memorandum at 14.  As noted above, such a "mistake" or "misunderstanding" will not extend the limitation period.  Petty, 11 Pa. D. & C. 3d at 589.  See also, Williamson v. New Castle County, 2002 WL 453926 (Del. Ch. 2002), citing Van de Walle v. Salomon Bros, Inc. 733 A. 2d 312, 316 n. 11 (Del. Ch. 1998), aff'd, 734 A. 2d 160 (Del. 1999) (claim will not be time barred if the defendant took active steps to prevent the plaintiff from filing suit by promising not to assert the statute as a defense or by concealing evidence from the plaintiff, and the plaintiff detrimentally relied upon such misrepresentations by not filing suit within the limitations period.)

An example of such strict construction is found in Mosley v. Settles, 779 A.2d 1208 (Pa. Super. 2001), where the statute was not tolled when counsel for the plaintiff filed suit one day beyond the expiration of the limitations period due to counsel's incapacitation as a result of back surgery.  Id. at 1209.  Here, on the other hand, it is even more appropriate to strictly apply the statute of limitations since there is no valid excuse given by Keene for why this suit was not filed prior to the expiration of the limitations period.

Keene cites Long v. Thomson Industries, Inc., 2000 WL 1586078 (E.D. Pa.) for the proposition that the statute of limitations should be equitably tolled in his case.  Plaintiff's Memorandum at 14.  But in Long, the court held that there was an issue of fact as to whether Long was misled into delaying to file suit by the defendant, who was allegedly promising to investigate the plaintiff's concerns and to assess the possibility of reemployment.  Id. at *4.  The court noted that a defendant should not be allowed to assert the defense of the statute of limitations and, in so doing, "profit from its own wrongdoing."  Id.  But Keene has not claimed that the defendants here misled him and tried to prevent him from filling suit within the time period required by the statute of limitations.  Consequently, the defendants here will not be

-4-

profiting from their own wrongdoing by the enforcement of the statute of limitations, and Keene has provided no valid reason why this Court should grant his request for equitable tolling of the statute.

Therefore, Keene's claim under 42 U.S.C. § 1981 should be dismissed because it is barred by the statute of limitations.

## THE ENFORCEMENT OF KEENE'S ALLEGED CONTRACT WITH DEFENDANT IS BARRED BY THE STATUTE OF FRAUDS

In Plaintiff's Memorandum, Keene claims that the statute of frauds does not bar the enforcement of his alleged 10-year contract because there was part performance of the contract. Plaintiff's Memorandum at 15-18. As noted in Defendants' Memorandum, this Court's choice of law analysis should lead to the conclusion that Delaware law applies to the resolution of this issue. As admitted in Plaintiff's Memorandum, "Delaware has an interest in having its law applied because the contract was entered into in Delaware, the contract was negotiated in Delaware, and much of the work was performed in Delaware." Plaintiff's Memorandum at 16. Despite the obvious application of Delaware law to this issue, Keene argues that Pennsylvania law applies. Id.[2]

Keene claims that part performance will take the alleged ten-year oral contract out of the statute of frauds, allowing this Court to enforce it. Plaintiff's Memorandum at 15-16. Keene seeks the application of Pennsylvania law because under Delaware law it is clear that part performance of an <u>employment contract</u> with a fixed duration of over one year will <u>not</u> take a contract out of the statute of frauds. Lindsey v. M.A. Zeccola & Sons, Inc., 26 F.3d 1236, 1242-1243 (3d Cir. 1994). Furthermore, in Delaware, enforcement of service contracts for a specified

---

[2] Defendants will rely on the analysis contained in their earlier memorandum for their contention that Delaware law should be applied by the Court on this issue, and will not repeat that argument here. See Defendants' Memorandum at 9-12.

period exceeding one year is precluded by the statute of frauds, even if it is possible to perform them within one year.  Id. citing Guyer v. Haveg Corp., 205 A. 2d 176, 181 (Del. Super. Ct. 1964), citing Hull v. Brandywine Fibre Prods. Co., 121 F. Supp. 108, 114 (D. Del. 1954).

> [T]o allow the fact that an employee worked and was paid for part of that year to act as such a bar [to application of the statute of frauds] would make the relevant provision of the statute of frauds totally meaningless. Any contract where the employee had started work and received a paycheck would be protected from the application of the statute.…  A check stub or even a signed paycheck indicates nothing except what a particular employee has been paid for a particular period.  It does not act as a contract to pay the employee the same amount for even the next pay period, much less for an entire year.…

Lindsey, 26 F. 3d at 1242-1243, citing Lessman v. Universal Spray Applications, Inc., 690 F.Supp. 679, 681 (N.D. Ill. 1988) (quoting Mapes v. Kalva Corp., 68 Ill. App.3d 362, 24 Ill. Dec. 944, 386 N.E.2d 148 (1979)).

Moreover, even if the partial performance exception were held by this Court to apply to oral contracts of employment, Keene's argument would still fail because of the heavy presumption under Delaware law in favor of employment at-will.  This presumption requires that Keene present clear and convincing evidence of all the essential terms of the ten-year employment contract he is trying to enforce.  Id. at 1243, citing Durand v. Snedeker, 177 A.2d 649, 653 (Del. Ch. 1962); see also Behr Salyard & Partners, L.P. v. Leach, 1992 WL 172615, *10 (E.D. Pa. 1992), aff'd, 986 F. 2d 1408 (3d Cir. 1993) (applying Delaware law) (no partial performance exception to statute of frauds in case involving purported ten-year contract to form leveraged buyout fund).

Keene cites Shepherd v. Mazzetti, 545 A. 2d 621 (Del. Super. 1988) for his claim that Delaware law allows a partially performed oral contract to be enforced despite the statute of frauds.  Plaintiff's Memorandum at 15-16.  But Shepherd was not a case concerning an employment contract.  Instead, Shepherd involved a situation where a father had orally promised

to devise the family home to his son in return for the son's promise to manage the family business and care for the father for the rest of the father's life, which duties the son performed until his father's death. Shepherd, 545 A. 2d at 623. The case is clearly distinguishable from the facts in the Keene case.

Keene also cites Konitzer v. Carpenter, 1993 WL 562194 (Del. Super.), for the proposition that Delaware will enforce an oral employment contract if there is "any possibility" that Keene could meet the conditions required by his alleged ten-year contract within one year. Plaintiff's Memorandum at 17-18. But there were two contracts at issue in Konitzer. Contract B was an alleged agreement that the plaintiff would have the job of head groundskeeper as long as the defendant resided on the grounds and the plaintiff wanted the job. Konitzer, *4. The court held that, in that case, there was the possibility that the condition, the defendant's leaving the property, could happen in one year and, therefore, the contract would be taken out of the statute of frauds. Id. The court noted that employment contracts of indefinite duration may be completed within one year and, thus, may be enforced notwithstanding the statute of frauds. Id. citing Brandner v. Delaware State Hous. Auth., 605 A. 2d 1, 2 (1991).

The other alleged contract in Konitzer, on the other hand, was an employment contract for an alleged specific term of six years and the court held that this second contract was barred by the statute of frauds "since by its very terms it was a six year contract." Konitzer, *3; see also Kirschling v. Lake Forest School District, 687 F. Supp. 927, 930 (D. Del. 1988). Clearly, the ten-year contract alleged by Keene is analogous to the six-year contract held to be barred by the statute of frauds in Konitzer.

Therefore, as noted above and in Defendants' Memorandum, Keene's breach of contract claim is barred by the statute of frauds and must be dismissed. See Defendants' Memorandum at 9-12.

### EDWARD M. LAMONT, AS AN AGENT FOR THE DISCLOSED PRINCIPAL, LAMONT DIGITAL SYSTEMS, INC., MAY NOT BE HELD LIABLE FOR BREACH OF CONTRACT.

In Plaintiff's Memorandum, Keene claims that "Pennsylvania law recognizes that principals of corporations may be held financial accountable for their own wrongful conduct where they have personally taken part in the actions of the corporation." Plaintiff's Memorandum at 6. In support of that statement, Keene cites two cases: Wicks v. Milzoco Builders, Inc., 470 A.2d 86 (Pa. 1983), and Loeffler v. McShane, 539 A.2d 876, 878 (Pa. Super. 1988).

However, in each of those cases, the court correctly states the law as follows:

> Whenever a corporation makes a contract, it is the contract of the legal entity of the artificial being created by the charter, and not the contract of the individual members.

Wicks, 470 A.2d at 89; Loeffler, 539 A.2d at 879 (citations omitted). Both cases note that while a corporate officer may be held liable for tortious conduct, he may not be held liable for breach of contract when he is the agent of a disclosed principal. Id. Therefore, as noted in Defendants' Memorandum, the breach of contract count should be dismissed against the individual defendant, Edward M. Lamont, because he is the agent of a disclosed principal.

### THE COURT SHOULD DISMISS COUNT SIX FOR A CONSTRUCTIVE TRUST BECAUSE KEENE HAS FAILED TO ALLEGE THE SPECIFIC "RES" THAT WOULD BE THE SUBJECT OF THE TRUST, NO FRAUD HAS BEEN ALLEGED, AND HE HAS AN ADEQUATE REMEDY AT LAW.

In Plaintiff's Memorandum, Keene states that he has sufficiently alleged the identity of the trust in the Complaint. In support of that statement, he then quotes the Complaint

as follows: "Defendants have realized substantial benefit of plaintiff's efforts, for which they have failed to make appropriate compensation to plaintiff." Plaintiff's Memorandum at 21, quoting Complaint ¶ 30. As noted in Defendants' Memorandum, the above allegation does not identify in any way the property that would be the subject of the trust and this count should be dismissed for that reason alone. Defendants' Memorandum at 16.

But Keene does not respond at all to the other points raised in Defendants' Memorandum concerning Count Six. There is no response to defendants' argument that there are no allegations in Keene's Complaint that control of the property has been induced by fraud, duress, undue influence, mistake, or control that was the result of an abusive or confidential relationship. Nor is there any response to defendants' argument that Keene has a full and adequate remedy at law, and that, therefore, the equitable remedy of constructive trust cannot be imposed. Therefore, defendants will rely on the arguments made in Defendants' Memorandum on these two points and will not argue further at this time.

For all of the above reasons, Count Six must be dismissed pursuant to Fed. R. Civ. P. 12(b) (6) for failure to state a claim upon which relief may be granted.

**THE COURT SHOULD DISMISS COUNT FOUR OF KEENE'S COMPLAINT FOR DISPARAGEMENT AND LIBEL BECAUSE IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

In response to Defendants' Motion to Dismiss Count Four, Keene argues that "the actions complained of took place before and after Plaintiff filed suit." Plaintiff's Memorandum at 22, citing Complaint ¶ 25. It is hard to understand how Keene can argue that some of the actions complained of in the Complaint took place <u>after</u> the Complaint itself was filed. That is simply impossible.

Keene does not respond, in Plaintiff's Memorandum, to Defendants' argument that 42 Pa. C. S. A. § 5521(b) requires that the period of limitations should be prescribed by the

-9-

law of the place where the claim accrued or by the law of Pennsylvania, <u>whichever is shorter</u>. Consequently, defendants will rely on the earlier argument made in Defendants' Memorandum for their point that these claims should be barred because they took place more than one‑year prior to the commencement of this lawsuit.

Therefore, Keene's claims for disparagement and libel should be barred by the statute of limitations and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**THE COURT SHOULD DISMISS COUNT FOUR OF KEENE'S COMPLAINT FOR DISPARAGEMENT AND LIBEL BECAUSE IT HAS <u>NOT BEEN PLED WITH PARTICULARITY.</u>**

As noted in Defendants' Memorandum, the pleadings must articulate the contents of the alleged defamatory statements and must identify specifically what allegedly defamatory statements were made, by whom, and to whom.  <u>Guardian Life Insurance Company v. American Guardian Life Assurance Company</u>, 1995 WL 723186, *5 (E. D. Pa.); <u>Moses v. McWilliams</u>, 379 Pa. Super. 150, 170, 549 A.2d 950, 960-61 (1988).  Plaintiff's Memorandum does not dispute the applicability of the above referenced case law, and therefore, Keene has not pled the defamation claim in Count Five with sufficient particularity and this count should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon relief may be granted.

**KEENE'S CLAIM IN COUNT THREE THAT DEFENDANTS INTENTIONALLY AND TORTIOUSLY INTERFERED WITH HIS ABILITY TO ACHIEVE CONTRACTS WITH OTHER ENTITIES MUST BE DISMISSED BECAUSE A PARTY TO A CONTRACT CANNOT BE LIABLE FOR INDUCING A BREACH OF THAT SAME CONTRACT, AND BECAUSE KEENE HAD NO CONTRACTUAL RELATIONSHIP <u>WITH ANY PARTY OTHER THAN THE DEFENDANTS.</u>**

In Plaintiff's Memorandum, Keene contends that his Complaint sufficiently alleges a contractual relationship with other entities because the Complaint alleges an "ability to enter into such contracts on behalf of defendants or another entity." Plaintiff's Memorandum at 19. However, Keene has failed to allege the existence of any prospective contracts other than those

in which he was actually acting for the defendant.  In Phillips v. Robertson, 1992 WL 73003 (E.D. Pa. 1992), the court held that plaintiff failed to state a cause of action for tortious interference with prospective contracts.  The court based its decision on the fact that the plaintiff had not adequately pled the prospective contracts that he claimed the defendants interfered with.  A prospective contractual relationship is "'something less than a right and something more than hope.'"  Id. at *4 (quoting Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 209, 412 A.2d 466, 471 (1979)).   The court noted that in order to prevail on a claim for tortious interference with prospective contracts, the plaintiff had to prove the existence of a relation, and set forth contracts that he or she had a reasonable probability of entering into.  Simple averments as to future clients or future possibilities will not suffice.  Id. at *4.  Here, Keene has clearly failed to allege either the relation or the reasonably probable contracts.

In addition, Pennsylvania has adopted the Restatement (Second) of Torts with respect to interference with existing contractual relations, but has retained the four elements of the Restatement (First) of Torts in regard to tortious interference with prospective contracts.  See Silver v. Mendel, 894 F.2d 598 (3d Cir. 1990).  Those elements are (1) a prospective contractual relation, (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring, (3) the absence of privilege or justification on the part of the defendant, and (4) the occasioning of actual damage resulting from the conduct of the defendant.  Id.

As noted above, Keene has failed to adequately allege a "prospective contractual relation" because he has not, and cannot, allege the existence of any prospective contracts other than those in which plaintiff was actually acting for the defendant.  Nor has he adequately alleged "the occasioning of actual damage" since he cannot identify and allege any such contracts.  Complaint ¶ 22.

Furthermore, the burden is on the plaintiff, Keene, to demonstrate that the defendants acted with a lack of a privilege or justification. Silver v. Mendel, 894 F.2d at 602, n.6. Where, as in most cases, the defendant acts at least in part for the purpose of protecting some legitimate interest which conflicts with that of the plaintiff, a line must be drawn and the interests evaluated. Phillips, at *5 (quoting Silver, 894 F.2d at 603 n.7). The tortious interference complaint must be considered in light of a defendant's privilege to compete or protect his business interests in a lawful manner. See DeBonaventura v. Nationwide Mut. Ins. Co., 428 A.2d 1151, 1153 (Del. Supr. 1981); Irwin & Leighton, Inc. v. W.M. Anderson Co., 532 A.2d 983, 992 (Del.Ch. 1987). Here, there is no doubt that the defendants had a legitimate interest in running the business efficiently and effectively. This most certainly includes the right to have the employee of its choice to carry out its business functions.

For all of the above reasons, this Court should dismiss Keene's Third Count for tortious interference pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim under which relief may be granted.

**THE COURT SHOULD DISMISS COMMON LAW COUNTS TWO THROUGH SIX BECAUSE KEENE HAS STATUTORY REMEDIES FOR THESE ALLEGED WRONGS.**

As noted earlier in this Reply Memorandum and in Defendants' Memorandum, Keene's Section 1981 claim fails here because the statute of limitations expired on any possible Section 1981 claim on May 25, 2002. Even though Keene's Section 1981 claim is barred, however, the common law claims he has alleged in Counts Two through Six of his complaint should be dismissed because he had this statutory remedy, and other statutory remedies, available. It is the existence of the remedy, not the success of the statutory claim, which determines preemption. Jacques v. Akzo Int'l. Salt, Inc., 619 A. 2d 748, 753 (Pa. Super. 1993),

-12-

overruled in part on other grounds, <u>Kroptavich v. Pennsylvania Power and Light Co.</u>, 795 A. 2d 1048, 1057, n. 2 (Pa. Super. 2002).

The legislative bodies of the United States, Delaware, and Pennsylvania have provided employees with appropriate means of redress for racial discrimination in the employment context.  Keene failed to timely file with the necessary administrative agencies that would enable him to bring a claim under federal Title VII, the Pennsylvania Human Relations Act (43 P.S. § 951 <u>et</u> <u>seq.</u>), and Delaware's Discrimination in Employment and Handicapped Persons Employment Protections Act (19 Del.C. § 710 <u>et</u> <u>seq.</u>).  Keene failed to bring his Section 1981 claim within the time proscribed by the statute of limitations for a Section 1981 claim.  Nevertheless, Keene had each of those statutory remedies available to him to pursue redress for the claims alleged in his Complaint.   He cannot get around that fact by putting a different label on his claim of discrimination in the making, performance, enforcement or termination of a contract.  <u>Phillips v. Heydt</u>, 197 F. Supp.2d 207, 220 (D.C. Pa.  2002).  This is a well-settled principle of law.

This issue was addressed in <u>Ayres v. Jacobs & Crumplar, P.A.</u>, 1996 WL 769331 (Del. Super. 1996).  There, the court held that plaintiff could not get around the two-year statute of limitations on a §1981 employment claim based on race discrimination by alleging a breach of the covenant of good faith and fair dealing. <u>Id.</u> at *12.   That is exactly what Keene attempts to do here.

Keene's Counts Two, Three and Five are all variations of a breach of contract claim.  Keene's constructive trust claim (Count Six) is also simply a breach of contract claim with a different label.  In Count Six, Keene complains that the defendants wrongfully hold earnings that belong to him because they interfered with his alleged contracts before he could

-13-

collect said earnings.  A Section 1981 claim is the appropriate remedy when a defendant intentionally discriminates on the basis of race in the making, performance, enforcement or termination of a contract.  <u>Phillips v. Heydt</u>, 197 F. Supp.2d 207, 220 (E.D. Pa. April 18, 2002).  Calling it a constructive trust does not change the substantive allegations.  This is merely an attempt to avert the more then adequate statutory remedies that have been afforded to Keene.

Keene contends that Section 1981 remedies do not address the claim of libel, Keene's Count Four.  However, the only allegations in the complaint are of discrimination.  Keene has failed to state a cause of action for disparagement and libel because he has alleged no specific facts as to that count.

Finally, Keene contends that he is entitled to bring a wrongful termination claim even if his alleged breach of contract claim fails and he is held to be an at-will employee.  He cites to <u>Connus v. Bethesda House Corp</u>., 1997 WL 379169 (E.D. Pa. 1997) for this proposition.  Keene's reading of the holding in <u>Connus</u> is simply wrong.  In <u>Connus</u>, the court specifically held that "if it is determined that Plaintiff is an at-will employee, he will <u>not</u> be able to sue for wrongful discharge because the legislature has provided a statutory remedy." (emphasis added).  <u>Id.</u> at *9.  For the above reasons, Keene's Counts Two through Six of his complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

-15-

## **CONCLUSION**

The defendants respectfully request that the Court grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

                                          Respectfully submitted,

                                          By_____
                                             Kenneth H. Zucker, Esquire (I.D. No. 38418)
                                             Heather A. Hoyt, Esquire (I.D. No. 81105)
                                             Pepper Hamilton LLP
                                           400 Berwyn Park, 899 Cassatt Road
                                           Berwyn, PA  19312-1183
                                           (610) 640-7800

                                           David J. Burke, Esq.
                                           Robinson & Cole LLP
                                           695 East Main Street, P.O. Box 10305
                                           Stamford, CT  06904-2305
                                           (203) 462-7500

                                           Attorneys for Defendants
                                           LAMONT DIGITAL SYSTEMS, INC.,
                                           CAMPUS TELEVIDEO, and
                                           EDWARD M. LAMONT

September 9, 2002

## **CERTIFICATE OF SERVICE**

This is to certify that on September 9, 2002, a copy of the foregoing was sent via first class mail, postage prepaid, to Robert J. Sugarman, Esquire, Sugarman & Associates, Robert Morris Building, 11th Floor, 100 North 17th Street, Philadelphia, PA 19103.

_____
Heather A. Hoyt

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x
RONALD KEENE                                  :      CIVIL NO.:  02-CV-3523
                                              :
       Plaintiff,                          :
                                              :
v.                                            :
                                              :
CAMPUS TELEVIDEO, LAMONT DIGITAL              :
SYSTEMS, INC. AND EDWARD M. LAMONT            :
                                              :
       Defendants.                         :      SEPTEMBER 10, 2002
                                              :
---------------------------------------------------------------x

## ORDER

      AND NOW this _____ day of _____, 2002, upon consideration of Defendants' Motion to Dismiss and any respects thereto, it is hereby ORDERED that Defendants' motion is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
Buckwalter, J.