**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-------------------------------------------------------------x
RONALD KEENE                          :    CIVIL NO.:  02-CV-3523
                                      :
          Plaintiff,                  :
                                      :
     v.                               :
                                      :
CAMPUS TELEVIDEO, LAMONT DIGITAL      :
SYSTEMS, INC. AND EDWARD M. LAMONT    :
                                      :
          Defendants.                 :
                                      :
-------------------------------------------------------------x
```

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS'
CAMPUS TELEVIDEO, LAMONT DIGITAL SYSTEMS, INC.,
<u>AND EDWARD M. LAMONT</u>**

1.    Defendants deny knowledge or information sufficient to admit or deny the allegations of

paragraph 1, and thus leave Plaintiff to his proof.

2.    Defendants deny the allegations of paragraph 2.

3.    Defendants admit the allegations of paragraph 3.

4.    Defendants admit the allegations of paragraph 4.

5.    Defendants neither admit nor deny the allegations of paragraph 5, as these allegations

state legal conclusions.

6.    Defendants deny the allegations of paragraph 6.

7.    Defendants deny the allegations of paragraph 7.

STAM1-730213-1

8.      Defendants deny the allegations of paragraph 8, except admit that Plaintiff was paid $96,000.00 per year.

9.      Defendants deny the allegations of paragraph 9.

10.     Defendants deny the allegations of paragraph 10.

11.     Defendants deny the allegations of paragraph 11.

12.     Defendants deny the allegations of paragraph 12.

13.     Defendants deny the allegations of paragraph 13.

## COUNT I – 42 U.S.C. § 1981

14.     Defendants repeat and re-allege their responses to paragraphs 1 - 13 and incorporate them herein as defendants' responses to paragraphs 1 – 13 of Count One.

15.     Defendants deny the allegations of paragraph 15.

16.     Defendants deny the allegations of paragraph 16.

## COUNT II – CONTRACT

17.     Defendants repeat and re-allege their responses to paragraphs 1 - 16 and incorporate them herein as defendants' responses to paragraphs 1 – 16 of Count Two.

18.     Defendants deny the allegations of paragraph 18.

19.     Defendants deny the allegations of paragraph 19.

20.    Defendants deny the allegations of paragraph 20.

## COUNT III – INTENTIONAL AND TORTUOUS INTERFERENCE WITH CONTRACT

21.    Defendants repeat and re-allege their responses to paragraphs 1 - 20 and incorporate them herein as defendants' responses to paragraphs 1 – 20 of Count Three.

22.    Defendants deny the allegations of paragraph 22.

23.    Defendants deny the allegations of paragraph 23.

## COUNT IV – DISPARAGEMENT AND LIBEL

24.    Defendants repeat and re-allege their responses to paragraphs 1 - 23 and incorporate them herein as defendants' responses to paragraphs 1 – 23 of Count Four.

25.    Defendants deny the allegations of paragraph 25.

26.    Defendants deny the allegations of paragraph 26.

## COUNT V – BREACH OF GOOD FAITH DEALING

27.    Defendants repeat and re-allege their responses to paragraphs 1 - 26 and incorporate them herein as defendants' responses to paragraphs 1 – 26 of Count Five.

28.    Defendants deny the allegations of paragraph 28.

## COUNT VI – CONSTRUCTIVE TRUSTS

29.    Defendants repeat and re-allege their responses to paragraphs 1 - 28 and incorporate them herein as defendants' responses to paragraphs 1 – 28 of Count Six.

30.     Defendants deny the allegations of paragraph 30.

31.     Defendants deny the allegations of paragraph 31.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to set forth a basis upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or his recovery is reduced, by his failure to mitigate his damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because at the time of the alleged acts or omissions giving rise to plaintiff's claim for punitive damages, defendants had implemented, in good faith, policies and procedures prohibiting these alleged acts or omissions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of his own conduct.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he failed utilize the policies and procedures that had been implemented by the defendants to prevent and redress the alleged acts and omissions giving rise to his claims.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

As a result of his own conduct, plaintiff is estopped from claiming damages or other relief from the defendants pursuant to his claim for constructive trust.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants terminated the plaintiff for good and just cause.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail against Edward M. Lamont, as an individual, because there are no allegations relating to any actions by him.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail against Campus TeleVideo because Campus TeleVideo is not an legal entity.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail against Edward M. Lamont, as an individual, because he was acting as agent for a disclosed principal and cannot be held liable for breach of contract.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims in Counts II through VI fail because plaintiff has statutory remedies for these allegations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of violations of 42 U.S.C. § 1981 fail because they are barred by the statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the breach of an oral contract for a term of ten years is barred by the statute of frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because plaintiff is considered an employee at-will.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of defendants intentional and tortious interference with plaintiff's ability to achieve contracts with other entities fail because a party to a contract cannot be liable for inducing a breach of that same contract, and because plaintiff had no contractual relationship with any party other than the defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims regarding a constructive trust fail because plaintiff failed to allege the specific "res" that would be the subject of the trust.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against defendants of disparagement and libel fail because these claims are barred by the statute of limitations.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against defendants of disparagement and libel fail because those claims have not been plead with particularity.

DEFENDANTS
LAMONT DIGITAL SYSTEMS, INC., CAMPUS
TELEVIDEO, and EDWARD M. LAMONT

By_____
    Kenneth H. Zucker, Esquire (I.D. No. 38418)
    Heather A. Hoyt, Esquire (I.D. No. 81105)
    Pepper Hamilton LLP
    400 Berwyn Park, 899 Cassatt Road
    Berwyn, PA  19312-1183
    (610) 640-7800

    David J. Burke, Esq.
    Robinson & Cole LLP
    695 East Main Street, P.O. Box 10305
    Stamford, CT  06904-2305
    (203) 462-7500

February 27, 2003           Attorneys for Defendants

7

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, to Robert J. Sugarman, Esquire, Sugarman & Associates, Robert Morris Building, 11th Floor, 100 North 17th Street, Philadelphia, PA 19103, on February 27, 2003.

_____

Heather A. Hoyt