```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONALD KEENE                          :
228 11th Street                       :
Collegeville, PA 19426                :
                                      :
          Plaintiff                   :
                                      :
     v.                               :  NO. 02-CV-3523
                                      :
CAMPUS TELEVIDEO                      :
a Division and/or subsidiary          :
of Lamont Digital Systems, Inc.       :
C/O Prentice-Hall Corporation         :
Systems, Inc.                         :
2704 Commerce Drive                   :
Harrisburg, Pennsylvania 17110        :
                                      :
     and                              :
                                      :
LAMONT DIGITAL SYSTEMS, INC.          :
C/O Prentice-Hall Corporation         :
Systems, Inc.                         :
2704 Commerce Drive                   :
Harrisburg, Pennsylvania 17110        :
     and                              :
                                      :
EDWARD M. LAMONT                      :
C/O Lamont Digital Systems, Inc.      :
C/O Prentice-Hall Corporation         :
Systems, Inc.                         :
2704 Commerce Drive                   :
Harrisburg, Pennsylvania 17110        :

          Defendants
```

## AMENDED COMPLAINT

     Ronald Keene, Plaintiff, by his counsel, brings this suit upon a cause of action of which the following is a statement:

    1.  Ronald Keene is a resident of Collegeville, Montgomery County Pennsylvania.

2. Defendant Campus TeleVideo is a division and/or subsidiary of Lamont Digital Systems, Inc., a corporation incorporated in the state of Connecticut and is registered to do business in the Commonwealth of Pennsylvania, and has a registered address at c/o Prentice-Hall Corporation Systems, Inc., 2704 Commerce Drive, Harrisburg, Dauphin County, Pennsylvania.

3. Defendant Lamont Digital Systems, Inc. is incorporated in the state of Connecticut and is registered to do business in the Commonwealth of Pennsylvania, and has a registered address at c/o Prentice-Hall Corporation Systems, Inc., 2704 Commerce Drive, Harrisburg, Dauphin County, Pennsylvania.

4. Defendant Edward M. Lamont is the president, founder and chairman of the board of Lamont Digital Systems, Inc., and is a citizen of Connecticut and has a place of business at Lamont Digital Systems, Inc., c/o Prentice-Hall Corporation Systems, Inc., 2704 Commerce Drive, Harrisburg, Dauphin County, Pennsylvania.

5. This Court has jurisdiction by virtue of diversity of citizenship under 28 U.S.C. Section 1332, and because a federal question, Section 42 U.S.C. Section 1981, provides a cause of action herein. The sum in controversy exceeds the sum of $100,000 exclusive of interests and costs. Venue is proper in

this district because the business activities out of which this suit arose occurred in part in the district, and plaintiff resides and did business at all relevant times in the district

## OPERATIVE FACTS

6. In or about 1998, plaintiff and defendants entered into a contract by which plaintiff was to develop defendants business in certain areas, which changed from time to time, and ultimately focused on the sale of cable system hardware and software to large developments, schools, colleges and universities, permitting the developers to control the cable systems within the development.

7. In consideration of plaintiff s undertakings and success, defendants committed to provide plaintiff with substantial stock in the defendants company.

8. In consideration of plaintiff s commitments, defendants committed to pay plaintiff the sum of $96,000 per year, plus bonuses and/or commissions.

9. In consideration of plaintiff s commitments, defendants committed to provide plaintiff with an appropriate tenure term sufficient to allow time to make the sales and deals.

10. Plaintiff proceeded to function and conduct business activities in pursuit of the agreement, with marked success.

11. Acting in bad faith, and intending to injure plaintiff

and prevent him from gaining the benefit of his work, defendants intentionally and maliciously injured plaintiff, by refusing plaintiff s stock, bonuses and commissions resulting from plaintiff s direct sales activity and terminating his employment and authority to sell just as plaintiff was about to make significant sales which would have generated hundreds of thousands of dollars in commission income to him.

12.  Defendant maltreated plaintiff because of plaintiff s race, which is African American, in an intentional effort to treat plaintiff unequally due to race, in that defendants took actions against plaintiff based on race, and differentiated from other persons.

13.  Defendants  action was in breach of their agreement, and denied the plaintiff equal right to contract.

### COUNT I - 42 U.S.C. Section 1981

14.  The allegations of paragraphs 1 through 13 of this Complaint are realleged herein as if fully set forth.

15.  Plaintiff was damaged by defendants by reason of his race, and denied the opportunity for equal contract, contrary to and in violation of 42 U.S.C. Section 1981.

16.  Plaintiff suffered injury exceeding the sum of $1,000,000 as a result of defendants  conduct.

WHEREFORE, on this count, plaintiff prays for damages and

such other relief as may be appropriate, including attorney fees and costs.

### COUNT II - CONTRACT

17. The allegations of paragraphs 1 through 16 of this Complaint are realleged herein as if fully set forth.

18. Defendants breached their contractual obligations to plaintiff, by terminating him and thereby preventing him from realizing the benefits the part which he had been promised, through the sale of networking systems.

19. Defendants failed and refused to deliver to plaintiff the stock and commissions that had been promised to him as part of a consideration for the contract.

20. Defendants denied plaintiff continued employment, despite the terms of the contract between them.

WHEREFORE, on this count, plaintiff prays for judgment in the amount of $1,000,000, together with interest and costs.

### COUNT III - INTENTIONAL AND TORTIOUS INTERFERENCE WITH CONTRACT

21. The allegations of paragraphs 1 through 20 of this Complaint are realleged herein as if fully set forth.

22. Defendants acted to maliciously and intentionally prevent plaintiff from achieving contracts with other entities, despite the understanding that plaintiff would have the ability

to enter into such contracts on behalf of defendants or another entity.

23. As a result, plaintiff was denied the opportunity to complete and benefit from the contracts which had been substantially negotiated, and would certainly or likely been consummated.

WHEREFORE, on this count, plaintiff demands damages in the amount of $1,000,000, together with interest and costs and such other relief as may be appropriate, including punitive damages.

### COUNT IV - DISPARAGEMENT AND LIBEL

24. The allegations of paragraphs 1 through 23 of this Complaint are realleged herein as if fully set forth.

25. In pursuit of their efforts to demean and deny to plaintiff, defendants made false statements, on information and belief, which disparaged plaintiff s ability and reputation, thereby impairing his ability to proceed with the contracts.

26. As a result, plaintiff suffered substantial damages.

WHEREFORE, on this count, plaintiff prays for damages, and such other relief as may be appropriate, including attorney fees and costs.

### COUNT V - BREACH OF GOOD FAITH DEALING

27. The allegations of paragraphs 1 through 26 are realleged herein as if fully set forth.

28. Defendants, as a result of the arrangement, had an obligation to deal with plaintiff in good faith, which defendants breached.

WHEREFORE, on this count, plaintiff prays for damages and such other relief as may be appropriate including attorney fees and costs.

## COUNT VI - CONSTRUCTIVE TRUST

29. The allegations of paragraph 1 through 28 of this Complaint are realleged as if fully set forth.

30. As a result of defendants conduct, in the alternative, defendants have realized substantial benefit of plaintiff s efforts, for which they have failed to make appropriate compensation to plaintiff, thereby substantially and unjustly enriching the defendants.

31. As a result thereof, the Court can and should impose and determine a constructive trust, requiring defendants to make good the unjust enrichment.

WHEREFORE, on this count, plaintiff prays for judgment and such other relief as may be appropriate, including an accounting.

JURY TRIAL DEMANDED.

_____
ROBERT J. SUGARMAN
I.D. No. 03332
Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor Robert Morris Building
100 North 17th Street
Philadelphia, PA  19103
215-864-2500

DATED: August 21, 2003